UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERONICA CAPALDI and WILSON CAPALDI,<br><br>        Plaintiffs,<br><br>    v.<br><br>BJ'S WHOLESALE CLUB, INC.; LBW VINELAND, LLC; ABC INC. (1-5); XYZ CORP. (1-5); and JONE DOE (1-5),<br><br>        Defendants. | 1:18-cv-10615-NLH-JS<br><br>**OPINION** |

**APPEARANCES:**

DANIEL E. ROSNER
ROSNER LAW OFFICES, P.C.
311 W. LANDIS AVENUE
VINELAND, NEW JERSEY 08360

    *Counsel for Plaintiffs.*

SHAHENAZ Y. YATES
THE CHARTWELL LAW OFFICES LLP
130 NORTH 18TH STREET
26TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103

JOHN MICHAEL WUTZ
THE CHARTWELL LAW OFFICES LLP
130 NORTH 18TH STREET
26TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103

    *Counsel for Defendant.*

**HILLMAN, District Judge**

This slip-and-fall action comes before the Court on two motions filed by BJ's Wholesale Club, Inc. ("Defendant").[1] First, Defendant moves for summary judgment (ECF No. 23). Second, Defendant moves *in limine* to preclude the expert testimony of an engineering expert retained by husband and wife Veronica Capaldi ("Mrs. Capaldi") and Vincent Capaldi ("Mr. Capaldi") (collectively, "Plaintiffs"). (ECF No. 24). Plaintiffs oppose both motions. For the reasons that follow, the Court will deny Defendant's motion for summary judgment and will deny, without prejudice, Defendant's *in limine* motion.

## BACKGROUND

The Court takes its facts from the statements of undisputed material fact submitted by each party pursuant to Local Civil Rule 56.1. The Court notes relevant disputes where appropriate.

On December 31, 2015, Plaintiffs visited a BJ's Wholesale Club located in Vineland, New Jersey. (ECF No. 23 ("Def. SOMF") at ¶2). After obtaining a shopping cart, Plaintiffs entered the store and began shopping, Mr. Capaldi pushing the shopping cart and Mrs. Capaldi by his side. (Def. SOMF at ¶4). Approximately

---

[1] LBW Vineland, LLC, the other named defendant in this matter, was voluntarily dismissed by the parties on July 16, 2018. (ECF No. 7).

thirty minutes after entering the store, Plaintiffs turned down an aisle in search of peanut butter. (Def. SOMF at ¶¶5, 9-10). The aisle was clear of noticeable encumbrances; Plaintiffs testified there were no other shopping carts in the aisle, and they did not recall anyone else being in front of them. (Def. SOMF at ¶¶11-12). As Plaintiffs were perusing the shelves, Mrs. Capaldi slipped and fell on a slick substance. (Def. SOMF at ¶13).

While neither Plaintiff noticed anything unusual about the floor as they approached the area where the fall occurred, after Mrs. Capaldi fell, she noticed a pink yogurt-like substance on the ground underneath her and on her clothing. (Def. SOMF at ¶¶14-18, 30, 32-33; ECF No. 31 ("Pl. SOMF") at ¶¶16-18). Plaintiffs did not observe any empty containers in the immediate vicinity and could not otherwise immediately identify where the substance came from. (Def. SOMF at ¶¶19-21, 34-35; Pl. SOMF at ¶¶19-21, 34-35). A short time later, however, Mr. Capaldi noticed an unaccompanied cart in an intersecting aisle that appeared to be leaking the same pink yogurt. (Def. SOMF at ¶¶21-25; Pl. SOMF at ¶¶21-25). Plaintiffs did not notice any trail of yogurt from the cart from which it was leaking to the location of Mrs. Capaldi's fall. (Def. SOMF at ¶40).

Nonetheless, the store manager on duty at the time found a

box of Wag-gurt – a frozen yogurt for dogs – in the nearby cart Mr. Capaldi identified. (Def. SOMF at ¶¶41-44, 47; Pl. SOMF at ¶¶41-44, 47). It appeared to Defendant's employees, as reflected in contemporaneous store notes, that this was the same yogurt-like substance on which Mrs. Capaldi slipped and fell. (ECF No. 31 at 50). As a result of the fall, Mrs. Capaldi suffered relatively severe injuries requiring surgical correction.

Plaintiff retained the services of an expert engineer, Scott D. Moore, PE ("Moore"). Moore inspected the floor where Plaintiff fell and conducted a melting test on a similar product to determine how long such a product would have to be out of a freezer before melting and causing a puddle of the type Plaintiff slipped on. See (ECF No. 24-9 ("Moore Report") at 10-11). Moore concluded that it would take "more than seven hours for the product to melt and drip out of the box[.]" (Moore Report at 16).

On June 14, 2018, Defendant removed this action from the Superior Court of New Jersey to this Court. On September 16, 2019, Defendant filed its motion for summary judgment and motion *in limine* to preclude Moore's testimony. These motions have been fully briefed and are ripe for adjudication.

## DISCUSSION

### I. Subject Matter Jurisdiction

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Legal Standard – Motion To Preclude Expert Testimony

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Third Circuit has described the requirements of Federal Rule of Evidence 702 as a "trilogy of restrictions on expert testimony: qualification, reliability and fit." Calhoun v. Yamaha Motor Corp., 350 F.3d 316, 321 (3d Cir. 2003) (quoting Schneider ex rel. Estate of Schneider v. Fried,

5

320 F.3d 396, 405 (3d Cir. 2003)).  "[T]he district court acts as a gatekeeper, preventing opinion testimony that does not meet the requirements of qualification, reliability and fit from reaching the jury."  <u>Schneider</u>, 320 F.3d at 404.  "The party offering the expert testimony bears the burden of establishing the existence of each factor by a preponderance of the evidence."  <u>Raritan Baykeeper, Inc. v. NL Indus.</u>, No. 09-4117, 2017 WL 3568401, at *2 (D.N.J. Aug. 16, 2017).

### III. Defendant's Motion To Preclude Moore's Testimony Will Be Denied Without Prejudice

Unfortunately, the Court begins its analysis of Defendant's motion to preclude Moore's testimony not with a discussion of the merits of that motion, but compelled to note the length of Defendant's brief, some eighty-three (83) pages.  Local Civil Rule 7.2(b) limits briefs to forty (40) pages.  Briefs of greater length will only be accepted if leave of court is sought and granted.  L. Civ. R. 7.2(b).  No such leave has been sought or granted.

Courts may disregard or strike overlength briefs.  <u>Fisher v. Pratt</u>, No. 19-273, 2020 U.S. Dist. LEXIS 26815, *5, n.7 (D.N.J. Feb. 14, 2020); <u>Panarello v. City of Vineland</u>, No. 12-4165, 2016 U.S. Dist. LEXIS 87907, *18 (D.N.J. July 7, 2016) (finding the Court could "disregard Plaintiffs' Motion for failure to comply with the basic rules of this District.").

This Court, however, has exercised great restraint in imposing such a sanction, reserving it for only the most egregious violations of the Local Civil Rules.  See Fisher, 2020 U.S. Dist. LEXIS 26815, at *5, n.7.

Begrudgingly, this Court finds Defendant's 83-page brief obviously violative of the length limitations imposed by Local Civil Rule 7.2 and finds further that accepting it as filed would work a great disservice to the spirt of that rule.  On the other hand, permanently striking Defendant's motion or disregarding it appears too stern a sanction to apply under the circumstances.  Instead, the Court finds the proper remedy is to deny Defendant's motion, without prejudice, compelling Defendant to reconsider its arguments and shorten them to a length permissible under Local Civil Rule 7.2.  Such a solution appropriately sanctions Defendant for its violation of Local Civil Rule 7.2 while also preserving for Defendant the ability to advance its argument on the merits in a rule-compliant manner.  Defendant must, however, understand that further non-compliance with Local Civil Rule 7.2 may result in its motions being struck from the record.  Because the Court finds it need not decide the admissibility of Moore's opinions prior to resolving Defendant's summary judgment motion, the Court turns to that motion next.

### IV. Legal Standard – Summary Judgment

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact[.]").  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Celotex, 477 U.S. at 324.  A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s].'"  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 257.

### V.   Analysis – Summary Judgment

Plaintiffs' complaint contains claims for negligence and loss of consortium.  (ECF No. 1-3 at 12-16).  Defendant argues summary judgment is appropriate because Plaintiffs cannot establish Defendant had actual or constructive notice of any dangerous condition.  Plaintiffs argue, in the first instance,

that Defendant had constructive notice of the yogurt on the floor. Alternatively, Plaintiffs argue that the mode-of-operation doctrine applies, alleviating Plaintiffs' burden of having to establish Defendant had constructive notice of the dangerous condition.

     A. <u>A Jury Could Find That Defendant Had Constructive Notice of The Yogurt On The Floor</u>

"In New Jersey, . . . it is widely accepted that a negligence cause of action requires the establishment of four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." <u>Senisch v. Tractor Supply Co.</u>, No. 16-47, 2018 WL 324717, at *4 (D.N.J. Jan. 8, 2018), <u>appeal dismissed</u>, No. 18-1265, 2018 WL 3933746 (3d Cir. Apr. 23, 2018) (quoting <u>Jersey Cent. Power & Light Co. v. Melcar Util. Co.</u>, 59 A.3d 561, 571 (N.J. 2013)).

"Business owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." <u>Senisch</u>, 2018 WL 324717, at *5 (quoting <u>Nisivoccia v. Glass Gardens, Inc.</u>, 818 A.2d 314, 316 (N.J. 2003)). "The duty of due care requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." <u>Id.</u> (quoting <u>Nisivoccia</u>, 818 A.2d at 316). An injured plaintiff asserting a

breach of that duty must prove, as an element of the cause of action, "that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Id. (quoting Nisivoccia, 818 A.2d at 316).

A defendant has constructive notice of a dangerous condition when it exists "for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent." Troupe v. Burlington Coat Factory Warehouse Corp., 129 A.3d 1111, 1114 (N.J. Super. Ct. App. Div. 2016) (quoting Parmenter v. Jarvis Drug Stores, Inc., 138 A.2d 548, 550 (N.J. Super. Ct. App. Div. 1957)). Constructive notice can be inferred in various ways, including the characteristics of the dangerous condition giving rise to the incident. Id. (citing Tua v. Modern Homes, Inc., 165 A.2d 790, 795 (N.J. Super. Ct. App. Div. 1960)) (finding constructive notice where substance causing a patron to fall appeared dried onto the floor). Additionally, a plaintiff may present eyewitness testimony regarding the dangerous condition to establish the length of time it was present. Id. (citing Grzanka v. Pfeifer, 694 A.2d 295, 300-01 (N.J. Super. Ct. App. Div. 1997), certif. denied, 713 A.2d 498 (N.J. 1998)) (finding constructive notice where eyewitness noted the dangerous condition was present for an extended period).

11

On the evidence identified by Plaintiff, a jury could reasonably conclude that Mrs. Capaldi slipped and fell on melted dog yogurt found dripping from a shopping cart near where she fell.  Plaintiffs have produced evidence connecting the substance on which Mrs. Capaldi to the substance found near where she fell, namely, through identifying a similarity in its distinct pink color.  Moreover, there is evidence that Defendant's store manager connected the contents of the abandoned cart with the substance Mrs. Capaldi fell on, noting that observation in contemporaneous notes taken during his investigation of the incident.  Moreover, the parties appear to agree that Wag-gurt is sold as a frozen product, but appeared in melted from in the area where Mrs. Capaldi fell.

Together, this evidence is sufficient to defeat a motion for summary judgment.  Relying on such an evidence, a reasonable juror could determine from the evidence of melted frozen yogurt that Defendant should have noticed the defrosting frozen product in its store, which it should have known could present a fall hazard, had it acted with reasonable diligence.  See Troupe, 129 A.3d at 1114; Lieberman v. Carnival Cruise Lines, No. 13-4716, 2015 U.S. Dist. LEXIS 153535, *13, (D.N.J. Nov. 12, 2015) (finding that a jury could infer constructive notice from, among other things, the presence of melted ice cubes on the floor

12

where the plaintiff fell).  Said differently, a jury could conclude, from the evidence submitted, that Defendant (1) had a duty, (2) Defendant breached that duty by failing to correct a defect it had constructive notice of, and (3) that breach contributed to Plaintiffs' injuries.

Turning to Mr. Capaldi's claim, under New Jersey law, a *per quod* or loss of consortium claim is maintainable by reason of a spouse's personal injury.  In other words, "[i]t depends upon and is incidental to the personal injury action."  Tichenor v. Santillo, 527 A.2d 78, 82 (N.J. Super. Ct. App. Div. 1987) (citing Rex v. Hutner, 140 A.2d 753, 754-55 (N.J. 1958)). Liability on such a claim can rise no higher than liability on the personal injury claim of the other spouse.  Id. (citing Prosser & Keaton on Torts (5th Ed. 1984) § 125 at 938). Because the Court finds that Mrs. Capaldi can proceed on her negligence claim, so too may Mr. Capaldi proceed with his loss of consortium claim.

As such, the Court finds summary judgment must be denied. Because Plaintiffs have satisfied the traditional negligence standard at this phase of litigation, the Court need not address whether the mode-of-operation doctrine would apply.

## CONCLUSION

For the reasons expressed above, Defendant's motion for summary judgment (ECF No. 23) will be denied.  Defendant's *in limine* motion to preclude the expert testimony of Moore (ECF No. 24) will be denied, without prejudice, for failure to comply with Local Civil Rule 7.2.  An appropriate Order will be entered.

Date: May 21, 2020          s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.